F. SINGLETARY ET AL. V. J. R. HILL.

1. RULE IN SHELLEY'S CASE.—A deed conveying land to M. D. and the heirs of her body * * to have and to hold unto her, the said M. D., and her said heirs forever, conveyed to her the absolute estate.

2. SALE OF HOMESTEAD FOR PARTITION.—Under the probate law of 1848 a sale of the homestead ordered and made upon the report of commissioners that partition was impracticable passed the title.

3. SAME.—The surviving husband could, under the said probate law, take the land, accounting to the other distributees for their part of the value of the land so sold for partition, in the absence of fraud.

APPEAL from Panola. Tried below before the Hon. George Lane.

The facts are stated in the opinion.

*Martin Casey*, for appellants.

*J. G. Hazlewood*, for appellee, cited Peters *v.* Caton, 6 Tex., 559; Foster *v.* Wells, 4 Tex., 101; Merle *v.* Andrews, 4 Tex., 211; Poor *v.* Boyce, 12 Tex., 440; Shannon *v.* Taylor, 16 Tex., 419; Giddings *v.* Steele, 28 Tex., 732; Berry *v.* Young, 15 Tex., 369; Howard *v.* North, 5 Tex., 316; Spann *v.* Sterns, 18 Tex., 563; Jones *v.* Shaw, 15 Tex., 578.

GOULD, ASSOCIATE JUSTICE.—The plaintiffs in error brought trespass to try title to two hundred acres of land, being the same land conveyed on September 3, 1856, by J. B. Youngblood to his daughter Mary Dillard, the mother of the plaintiffs. The deed recites a consideration of natural love and affection, and of one hundred dollars, and conveys the land " unto the said Mary Dillard and the heirs of her body "—"to have and to hold unto her, the

said Mary Dillard, and her said heirs forever." Under
this conveyance it is clear that Mary Dillard took an abso-
lute estate, and not merely an estate for life. (Hancock v.
Butler, 21 Tex., 807, and authorities there cited; also Haw-
kins v. Lee, 22 Tex., 547; O'Brien v. Hilburn, 22 Tex.,
623.) The claim of the plaintiffs must be supported, if at
all, in their right as heirs of their deceased mother, and
not as purchasers under this deed.

The defendant claimed title through G. W. Dillard, hus-
band of Mary Dillard, who administered on her estate and
inventoried the land in controversy, stating (and the record
contains evidence tending to support the claim) that about
seventy-five acres of it was community property, and the
balance the wife's separate estate. Subsequently, on the
application of said G. W. Dillard, the County Court ordered
a partition of the estate, consisting only of this tract of
land, between him and the other distributees, the plaintiffs
in this suit. The court having appointed a guardian *ad
litem* for the minors and fixed the respective shares of the
distributees, and the commissioners to partition having
reported that partition was impracticable, G. W. Dillard
was allowed to take the land at its appraised value, eight
hundred dollars coin. (Paschal's Dig., art. 1360.) At a
subsequent term of the court a decree was made vesting
the title in G. W. Dillard, the decree reciting that he had
produced satisfactory evidence that he had paid to each of
the distributees their proper share of the eight hundred
dollars. Shortly afterwards, in consideration of eight hun-
dred dollars, he conveyed the land to Joseph M. Haskins,
and on February 7, 1870, Haskins conveys to defendant
Hill the consideration recited, being eighteen hundred
dollars.

These proceedings of the County Court, and the convey-
ances thereunder, were specially pleaded by defendant, and it
was also alleged and proved that plaintiffs Singletary and
wife were parties to the partition, and had received and

receipted for their share of the eight hundred dollars ; also
that G. W. Dillard after the partition, but before the title
was decreed to him, had qualified as guardian of the other
plaintiffs, and had inventoried their share of the proceeds
of the land.   There was no pleading on the part of the
plaintiffs impeaching the validity of the proceedings in the
County Court on the ground of fraud or otherwise.   By
instructions, asked and refused, it was claimed that the
two hundred acres admitted to have been the homestead
of deceased and her husband "was not subject to admin-
istration or forced sale, and the proceeding of the probate
court of Panola county attempting to alien the same is
void for want of jurisdiction in said court."   A charge was
also asked to the effect that the jury should disregard the
action of the probate or County Court if they found that it
was procured by Dillard with the purpose of depriving
plaintiffs of their title.   As G. W. Dillard was not a party
to the suit, and as no issue of fraud was made, and there
was no prayer to have the proceeding of the County Court
vacated on that ground, this latter charge was correctly re-
fused.   (See Ayres *v.* Duprey, 27 Tex., 593.)   The proposi-
tion that the partition had at the application of the surviving
husband was equivalent to a forced sale of the homestead
is untenable.   The administration was under the probate
law of 1848, which,in cases of solvent estates,contemplated
the ultimate distribution and partition of the homestead
and other exempt property.   (Paschal's Dig., art. 1305;
O'Docherty *v.* McGloin, 25 Tex., 72.)

The assignment of errors presents no other question, nor
does the brief of counsel for plaintiffs in error suggest any
other grounds, upon which the proceedings resulting in a
decree of title to G. W. Dillard can be treated as void.
Under these circumstances we do not feel called on to
scrutinize these proceedings, perhaps imperfectly presented
in the record, with the view of ascertaining whether any
other objections might be taken to their validity.

The verdict and judgment were in favor of defendant; and because we find no error in the action of the District Court, the judgment is affirmed.

AFFIRMED.