WALLACE & CO. v. J. K. P. CAMPBELL & S. B. MAXEY.

*(Case No. 3653.)*

1. EVIDENCE — TRUSTS. — In a suit involving title to land, the decree of a chancery court of another state was offered in evidence to show the nature and terms of a trust under which money was transferred, by order of that court, to a trustee appointed by a district court of Texas to receive it, which money was invested in the land, under a deed showing the trust character of the transaction: *Held*, that the decree was properly admitted in evidence, not as a muniment of title, but as showing the nature and terms of the trust attaching to the funds, and also attaching to the land in which they were invested.

2. TRUSTS — SAME. — The decree of the court of chancery recited that " neither the *corpus* of the trust fund, nor the increase thereof, should be subject to any debts which the *cestui que trust* now owes, or may hereafter con-

tract, but the said trustee shall apply the income of the same to the use and benefit of the said *cestui que trust.*" The fund being transferred to Texas, was invested in land under a conveyance to the Texas trustee, " to hold for the use and benefit of the said *cestui que trust* and the heirs of his body forever." In a suit between a purchaser of the land under execution against the *cestui que trust,* and the trustee, *held,*

1. The *cestui que trust* had no interest in the land subject to execution.

2. The purchaser under execution was chargeable with notice that the legal title was held by the trustee, and he acquired no better title than the *cestui que trust* had.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

Suit in trespass to try title, brought by appellants Wallace & Co. against appellees, on the 6th day of February, 1874, for the recovery of one hundred and sixty acres of land in Lamar county, which was deeded to S. B. Maxey, trustee, for J. K. P. Campbell, January 30, 1872, by H. R. Ryan.

On the 3d day of November, 1875, plaintiffs amended their petition, and alleged that they claimed the land by virtue of a deed executed to them by the sheriff of Lamar county, dated in February, 1874, and by virtue of certain judgments rendered by the district court of Lamar county, at its November term, 1873, against J. K. P. Campbell, and by virtue of executions arising therefrom, and sale thereunder, and payment of the purchase money, etc.

On the 18th day of March, 1874, the defendants answered:

1. General demurrer.

2. General denial.

3. Plea of not guilty.

Defendant Maxey filed an amended answer, alleging that he held the land as a trustee for Campbell; that on the 4th day of April, 1871, he was appointed trustee by the district court of Lamar county, to take charge of a fund due to Campbell from Maury county, Tennessee, then under the control of the chancery court of Maury county, which fund was afterward transferred by order of the chancery court to the state of

Texas, and that Maxey was authorized to receive and invest the fund which had been willed to J. K. P. Campbell and his children, or the heirs of his body, by his mother, Martha Campbell, deceased, to be held for his or their use free from Campbell's control, and free from any debts he might then owe or afterwards contract; that by virtue of the decree of the chancery court of Tennessee, and by virtue of his appointment as trustee, he invested the trust fund in the land in controversy, and had his deed duly recorded in Lamar county, all of which plaintiffs knew before "they pretended to purchase the same at sheriff's sale," and that he only holds the land in a trust capacity.

A transcript from the chancery court of Tennessee, and a transcript from the district court of Lamar county, were read in evidence, showing a trust fund held under the supervision of the courts since 1855, by a trustee, and invested in the land. The trust fund appears to have been created by the will of Martha Campbell, deceased.

Appellant objected to the transcript, 1st. Because it did not contain a probated copy of the will. 2d. No copy of the will was offered. 3d. Appellants had no notice of the transcript prior to judgment levy and sale. 4th. Copy of the will probated is the best evidence. 5th. The orders and decrees of the chancery court in Tennessee were not admissible here to show the trust estate.

The transcript showed a decree of the chancery court setting out that Martha Campbell died in Maury county, Tennessee, in 1855, leaving certain moneys to Robert B. Campbell as trustee, "to be held in trust for the sole use and benefit of complainant J. K. P. Campbell, with this condition, 'that neither the *corpus* of the same, nor the increase thereof, be subject to any debts which he * * * now owes, or may hereafter contract; but the said Robert Campbell shall apply the income of said share to the use and benefit of said J. K. P. Campbell.'" It also disclosed that the trust fund was held by the trustee under bond, and invested under supervision of the

court of chancery from 1855 to 1871, when an order was made by the district court of Lamar county, Texas, appointing appellee Maxey as trustee to receive the fund, to be transferred from Tennessee. Order of chancery court to transfer the fund, and qualification of trustee in Texas to receive the fund, were shown.

It was admitted that the same fund was invested in the land in controversy by the trustee; that all the consideration for the land was paid out of the fund, and that the appointment by the trustee, and his qualification, was in all things regular. The deed to Maxey as trustee omitted the provision of the decree exempting both the *corpus* and increase of the fund from Campbell's debts, but was in trust for the use and benefit of J. K. P. Campbell and the heirs of his body forever.

The deed from Ryan to Maxey, trustee, dated January 30, 1872, did not recite the provisions of Mrs. Campbell's will, and it was not shown by the evidence that appellants had any other notice of the trust, or of the decrees of the chancery court, until after the rendition of the judgments by the district court of Lamar county in favor of appellants and others against J. K. P. Campbell, and after the levy of the executions on the land. It was admitted that plaintiffs had a regular sheriff's deed to the land in controversy, dated February 3, 1874, in consideration of $804. Seventy-eight dollars of which they paid in cash, and the balance credited on the executions against Campbell. The validity and regularity of the judgments, executions, levy and sale were also admitted, and that defendants were in possession of the land.

Jury waived judgment for appellees.

*Hale & Scott* for appellants.

I. The decree of the chancery court of Tennessee construing a will, and in determining the rights of legatees to lands or other property in Texas, or subsequently purchased there with the funds bequeathed, is not admissible in evidence in Texas in a suit involving title to real estate in Texas, when neither

the will, nor a copy of it, accompanies the decree, and when neither the will nor a copy had been probated or recorded in Texas. The court admitted in evidence, over plaintiff's objection, a partial record, and the decrees of the chancery court of Maury county, Tennessee, construing a will, and determining the rights of parties under it, and the title to land in Texas now claimed under the will by a legatee, in the absence of the will or a copy thereof, and which had never been probated or recorded in this state. Hallett *v.* Thompson, 5 Paige (N. Y.), 583; Paschal *v.* Acklin, 27 Tex., 173; Cooke *v.* Bremond, 27 Tex., 457; 3 Redfield on Wills, p. 531, sec. 88; id., pp. 495, 496, sec. 42, note 11; Perry on Trusts, secs. 3–6, 208–305.

II. Appellants are creditors under the statute, and innocent purchasers, and are not affected by the records and proceedings of the chancery court of Tennessee.

III. Property willed to J. K. P. Campbell and the heirs of his body is in legal effect willed to him, and subject to execution for his debts. Singletary *v.* Hill, 43 Tex., 588, and authorities there cited.

*Maxey, Lightfoot & Denton* for appellees.

I. The transcript from the chancery court of Tennessee, including the transcript from the district court of Lamar county, shows a trust fund held under the supervision of the court since 1855, by a trustee, and invested in this land, and was properly admitted in evidence. Merriman *v.* Russell, 39 Tex., 278; Hutchison *v.* Mitchell, id., 487; Pasch. Dig., sec. 5374; 1 Greenl. Ev., sec. 511; Oberthier *v.* Stroud, 33 Tex., 522; Blankenship *v.* Douglas, 26 Tex., 225; Parks *v.* Willard, 1 Tex., 352; Hancock *v.* Butler, 21 Tex., 804; Wade on Notice, secs. 21, 22; id., 57–59; id., 307–336.

II. The will not being a muniment of title, it was only necessary to prove the trust character of the fund invested, and this might be done by the transcript, or even by parol evidence. 39 Tex., 355; Dunham *v.* Chatham, 21 Tex., 245, and authorities cited.

III. Property willed by a testatrix to a trustee for the bene-
fit of an improvident child, providing that the estate shall
never be controlled by the *cestui que trust,* is protected by our
statutes, as well as by the general rules of equity.    Pasch. Dig.,
art. 5374; Nichols, Assignee, *v.* Eaton, 1 Otto (U. S.), 716.
We ask that the judgment be affirmed.

GOULD, ASSOCIATE JUSTICE.— 1. The transcript of the pro-
ceedings and decree of the chancery court of Tennessee was
properly admitted in evidence, not as a muniment of title to
land in Texas, but as showing the nature and terms of the
trust attaching to the funds transferred by order of said court
to the trustee appointed by the district court of Lamar county
to receive them, and attaching also to the land in which said
funds were invested by said trustee.

2. The trustee Maxey held the title to the land in which said
funds were invested in trust to apply the income to the use
and benefit of the *cestui que trust,* Campbell.    The land not to
be subject to the debts of said Campbell, and Campbell had no
interest therein subject to execution.    Nichols, Assignee, *v.*
Eaton, 1 Otto, 727, and cases there cited; Gamble *v.* Dabney,
20 Tex., 76.

3. The appellants were chargeable with notice of the trust.
Having levied on what was at most an equitable interest, with
notice that the legal title was held by Maxey, they acquired, by
virtue of the registration laws, no better title than Campbell
had.

The judgment is affirmed.

AFFIRMED.

.[Opinion delivered April 10, 1880.]