### J. M. SIMONTON, NEXT FRIEND, V. A. WHITE.

No. 811. Decided October 26, 1899.

**1. Rule in Shelley's Case—Of Law or Construction.**

The rule that an unqualified conveyance to S. for life, with remainder to her bodily heirs, vests in her an estate in fee simple, not because so intended, but because the law gives the language that effect, does not preclude a construction of the words "bodily heirs" so as to ascertain the grantor's intention. (P. 56.)

**2. Same.**

Where such words appear from the instrument to be used to designate "children," the estate conferred on her will be limited to her life, with remainder in fee to the children pointed out. (P. 56.)

**3. Same.**

A father, in consideration of love for his daughter S. and her four named children, conveyed to her and her bodily heirs a tract of land as her share of the estate, "not to be traded or sold, but the produce of the same are to go to the support of the said S. and her family during her natural life, and at her death to be equally and impartially divided between her bodily heirs," with habendum to said S. and her bodily heirs forever. Held, that the intention to use the words "bodily heirs," not technically, but in the sense of "children" was manifested by the instrument, and that S. took an estate for life only, with remainder in fee to her children after her death. (Pp. 54-56.)

**4. Restraint of Alienation—Married Woman.**

An estate for life may be vested in a married woman with a provision in restraint of alienation; and where, in violation of such restriction, she conveyed lands granted

her for life in trust for the support of herself and children, with remainder to them upon her death, the children could recover the land from her grantee and restore it to the trustee. (P. 57.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Milam County.

J. M. Simonton as next friend of Willis, David, Curry, and Prince Simonton, minors, sued White in trespass to try title. Defendant had judgment, which was affirmed on appeal, and Simonton obtained writ of error. The Court of Civil Appeals, after stating the case, held (KEY, J.):

"Without saying that the court was wrong in the first conclusion of law, we concur in the second, and conclude that the judgment for the defendant is correct, and it will be affirmed.

"The contention of appellant that by transferring the land Mrs. Simonton has terminated the life estate vested in her, is not regarded as tenable. It is true, the deed directs or stipulates that the property is not to be traded or sold, and that the proceeds of the same are to be used for the support of Mrs. Simonton and her family during her natural life, but the estate conveyed to her, and the title vested in her, are not contingent upon occupancy and use by her, nor upon the fact that she should retain the title conveyed to her. In this respect the case is different from Lariverre v. Rains (Michigan), 70 Northwestern Reporter, 583, cited by appellant's counsel. In that case one of the parties, in whom a life estate was vested, was dead at the time the suit was brought, and the others, who took a less estate under the written instrument than a fee simple, held the same upon the contingency of use and occupancy, as well as nonconveyance of the property; and, as they had not only attempted to sell their interest, but had also ceased to occupy and use the property, it was properly held that the estates vested in them had terminated."

*Monta J. Moore* and *L. C. McBride,* for plaintiff in error.—Ordinarily a deed to Ava Anna Simonton and "her bodily heirs" would be within the rule in Shelley's case, and would vest the fee simple title in Ava Anna Simonton; but where it is apparent from the deed that the words "bodily heirs" are employed by the grantor in the deed, not in their technical sense to designate a class or denomination of persons to take in succession from generation to generation, but as designating certain "children" named in the deed (in this case the plaintiffs), the deed is not within the rule in Shelley's case, and the said Ava Anna Simonton would not take the fee simple title.

The inquiry whether the words "bodily heirs" should be construed to mean technically "heirs," is totally distinct from the inquiry whether the deed is within the rule in Shelley's case. The first inquiry is purely one of interpretation and has nothing to do with the rule itself. If it is determined in the affirmative, then the further question arises as to

whether or not the rule applies. If determined in the negative, no question of the application of the rule can possibly arise.

The application of the rule in Shelley's case is forbidden where the precedent estate is to Ava Anna Simonton and her family (by "family" we contend is meant the children, these appellants, as will appear later on in this brief), and the subsequent estate is to the bodily heirs of Ava Anna Simonton, for in order for the rule in Shelley's case to have application, the subsequent estate must have been to the heirs of the same person (Ava Anna Simonton) to whom the precedent estate is given. Hancock v. Butler, 21 Texas, 804; Wikle v. McGraw, 8 So. Rep., 341; (see especially this case as showing conclusively that the words "bodily heirs" are here used to denote the four children named in the deed); Shaw v. Robinson, 20 S. E. Rep., 161; 20 Am. and Eng. Enc. of Law, 865; 22 Am. and Eng. Enc. of Law, p. 512, and cases appearing in notes; 22 Am. and Eng. Enc. of Law, 501, 505; 2 Washb. Real Prop., book 2, chap. 4, 3, par. 8; Porter v. Doby, 2 Rich. Eq., 49.

The court erred in holding that, if the deed from W. J. Gentry, of date September 2, 1892, did not, by reason of the application of the rule in Shelley's case, convey the fee simple to Ava Anna Simonton, nevertheless it did have the effect to vest an estate in Ava Anna Simonton alone, during the term of her natural life, and that under said deed plaintiffs took no title to the land during the lifetime of their mother, said Ava Anna Simonton, and in holding that she, Ava Anna Simonton, being still alive, this suit is prematurely brought, and plaintiffs can maintain no suit until the death of their said mother. This is error, because said deed did not have such effect, but had the effect and operated to make Ava Anna Simonton and the plaintiffs (her four children named in said deed) tenants in common in the land during the lifetime of said Ava Anna Simonton, and at her death to divide the land equally between the four plaintiffs.

If the effect of the deed was to make the children remaindermen, depending upon a life estate in the mother, a violation by her of the restraint against selling would entitle the remaindermen to a present recovery of the property, notwithstanding the mother is still alive. Lariverre v. Rains (Mich.), 70 N. W. Rep., 583.

That the deed before us is not within the rule in Shelley's case is quite clear, and the lower court was in error in holding that it was. It is not within the rule, because the words "bodily heirs" as employed in the deed are used to denote these appellants—Ava Anna Simonton's four children, expressly named in the deed. For in order for the words "bodily heirs" to bring the deed within the rule they must have been used to denote technically "heirs," and not to designate certain individuals. If the deed indicates that such words were used in the latter sense, the rule does not apply, or as stated more strongly in 22 American and English Encyclopedia of Law, page 501, "no question of the application of the rule can possibly arise." This is the law, and we find no authority to the contrary. The two Texas cases (Hancock v. Butler,

21 Texas, 804, and Brown v. Bryant, 44 Southwestern Reporter, 399), which were the cases upon which the lower court acted as holding the contrary, emphatically and expressly uphold appellants' contention. The last mentioned case says: "Since the rule in Shelley's case is one of law, and not construction or intention, evidence of the expressed intention of the testator to devise only a life estate to his wife and children, with remainder to their heirs, is inadmissible."

A further reason why the deed before us is not within the rule in Shelley's case, is that while the precedent estate for the life of Ava Anna Simonton is given to her and her family (meaning the children), the remainder is not to the heirs of the same persons to whom the life estate is given, but only to the heirs of Ava Anna Simonton. Shaw v .Robinson, 20 S. E. Rep., 161.

And lastly, the application of the rule is forbidden by the provision in the deed that upon the mother's death the land "shall be equally and impartially divided between her bodily heirs." The weight of authority is that the rule is defeated by the use of this language. 1 Dembitz, Land Titles, sec. 21, p. 148.

*Field & Taylor* and *Henderson, Streetman & Freeman,* for defendant in error.—The deed from W. J. Gentry to Ava Anna Simonton is within the rule in Shelley's case, and conveyed the fee simple title to said Ava Anna Simonton, and said title passed by the deeds of said Ava Anna Simonton and her husband to A. White, the defendant in error.

There is no principle more firmly settled than that the rule in Shelley's case will override even the plainly expressed intention of the grantor. Allen v. Craft, 109 Ind., 476; 58 Am. Rep., 425.

The rule in Shelley's case is a rule of property and of public policy, not of intention merely or construction. Polk v. Faris, 30 Am. Dec., 400. If the intention is ascertained that the heirs are to take qua heirs, they must take by descent, and the inheritance vests in the ancestor. It (the rule in Shelley's case) declares inexorably that where the ancestor takes a preceding freehold by the same instrument, a remainder shall not be limited to the heirs qua heirs, as purchasers. It is not competent for the testator to prevent this legal conveyance by any declaration, no matter how plain, of a contrary intention. Doebler's Appeal, 64 Pa. St., 9; Hancock v. Butler, 21 Texas, 804.

There are three words most fequently employed in such cases. They are "children," "issue," "heirs." And they have so often been considered that the courts have fixed and firmly established the rules by which we are to interpret them. "Children" is primarily a word of purchase. To this rule there is no exception in case of deeds. 58 Pa., 412; 91 Pa. St., 30. But in a will it may be construed a word of limitation; equivalent to "issue," "heirs," or "heirs of the body," where there is a clear intent to so use it—to be gathered from the words of the testator himself. "Conjectures, doubt, and even equilibrium of apparent intention are not sufficient. The intention must be rendered clear by the words of the

testator. Guthrie's App., 37 Pa. St., 9; In re Sanders, 4 Paige (N. Y.), 293; Wild's case, 6 Co., 17. Issue occupies a middle ground between children and heirs, and is construed according to the circumstances of the case as a word of purchase or of limitation. The words 'issue of his body' are more flexible than the words 'heirs of the body,' and courts more readily interpret the former as a synonym of 'children' and a mere descriptio personarum than the latter." 1 Prest. Est., 79, quoted in Daniel v. Whartenby, 17 Wall., 639. "Heirs," or "heirs of the body," are the appropriate and peculiar words of limitation. They occupy the opposite extreme from "children," and just as the clearest proof is required before "children" will be construed as words of limitation, so when "heirs" is used they will be taken in their ordinary sense as meaning a class of persons to take by inheritance in succession from generation to generation, unless it is perfectly clear that they are used to denote some other particular persons. Kent says: "All the modern cases contain one uniform language, and declare that the words 'heirs of the body,' whether in deeds or wills, are construed as words of limitation, unless it clearly and unequivocally appears that they were used to designate certain individuals, answering the description of heirs at the death of the party." 2 Kent's Com., 229. To same effect see Doe v. Colyear, 11 East., 548; Jessen v. Doe, 2 Bligh, 2; Doe v. Harvey, 4 B. & C., 610; 10 E. C. L., 420.

In Bender v. Fleurie, 2 Grant Cases (Pa.), 345, the court said: "No court in this State or in England has ever treated the phrase 'heirs of her body' as words of purchase when they are used with reference to the issue of a devisee to whom a life estate is given. They are words of limitation."

BROWN, ASSOCIATE JUSTICE.—The land in controversy was the community property of W. J. Gentry and his wife, who died previous to the transactions hereafter named; her husband and their three daughters, Ava Anna (now Mrs. Simonton), L. Zerza, and Luddie Gentry survived. W. J. Gentry made and delivered to Mrs. Ava Anna Simonton the following deed:

"*The State of Texas, County of Milam.*—Know all men by these presents that I, W. J. Gentry, of the county of Milam and State aforesaid, for and in consideration of the love and affection and duty as a father towards my daughter, Ava Anna Simonton, her children, Willis, David, Curry, and Prince, have granted as a gift and conveyed by these presents do grant, give and convey unto the said Ava Anna Simonton and her bodily heirs of the county of Milam and State of Texas, all that certain tract or parcel of land lying and being situated in the county of Milam and being a part of the Reuben Fisher league. [The field notes are omitted.] Now the above described land and premises, together with other valuable stock and property heretofore given, granted, released unto my daughter, the said Ava Anna Simonton, constitute fully her

pro rata share of my estate, real and personal. Now the above mentioned land and property hereby conveyed is not to be traded or sold, but the produce of the same are to go to the support of the said Ava Anna Simonton and her family during her natural life, and at her death to be equally and impartially divided between her bodily heirs.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereunto in anywise belonging unto the said Ava Anna Simonton, her bodily heirs forever. And I do hereby bind my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Ava Anna Simonton her bodily heirs against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand, Baileyville, Texas, 2nd day of September, A. D., 1892.

"W. J. GENTRY."

Ava Anna Simonton was, at the time the deed was made, the wife of J. M. Simonton, who is still living, and the mother of Willis, David, Curry, and Prince Simonton, all of whom are still living and minors. Since the making of the deed, other children have been born to Mr. and Mrs. Simonton. J. M. Simonton and the four children named lived with Mrs. Ava Anna Simonton at the time, and they all continue to live together.

Ava Anna Simonton and her husband, for a valuable consideration, executed at different times two deeds to J. H. Drennan, by which she conveyed to him seventy-five acres of the land described in the above deed, which was duly recorded. At a subsequent date, Ava Anna Simonton and her husband, by general warranty deed, conveyed 125 acres of the land in controversy to White, and the deed was properly authenticated and duly recorded in Milam County. J. H. Drennan, for a valuable consideration paid, by warranty deed conveyed the seventy-five acres of land to White. White purchased the land and paid a valuable consideration without notice except that given by the terms of the deed from Gentry to Mrs. Simonton, and has had exclusive possession of it since January 1, 1895, renting it out, collecting the rent, and appropriating it to his own use and benefit. The reasonable rental value of the land was $900 per annum during the time that he has had possession of it. W. J. Gentry settled with the other daughters for their interest in the land in controversy at the time he conveyed it to Mrs. Simonton.

J. M. Simonton, as next friend of the minors, Willis, David, Curry, and Prince Simonton, sued in the District Court of Milam County to recover the land from A. White. The case was tried before the district judge without a jury, who gave judgment for the defendant, which judgment was affirmed by the Court of Civil Appeals.

The trial court held, (1) that under the deed from Gentry to Mrs. Simonton a fee simple title vested in the latter and passed to White; (2) if not, then a life estate vested in Mrs. Simonton which passed to

White, and she being alive, plaintiffs could not recover. If either proposition be correct, the judgment must be affirmed.

Under the rule in Shelley's case, the words "give and convey unto the said Ava Anna Simonton and her *bodily heirs*," if not qualified, would vest in Mrs. Simonton an estate in fee simple, not because the grantor intended to convey to her such estate, but because the law gives to the language that effect. Taylor v. Cleary, 29 Gratt., 451. However, that rule does not preclude a construction of the words "bodily heirs" so as. to ascertain the grantor's intention, but the well established doctrine is, if it appears from the instrument that Gentry used the words "bodily heirs" to designate children of Mrs. Simonton, effect will be given to that intention and the estate conferred upon her will be limited to her life with remainder in fee to the children thus pointed out. Doe v. Laming, 2 Burroughs, 1100; Taylor v. Cleary, 29 Gratt., 448; May v. Ritchie, 65 Ala., 602.

The consideration expressed in the deed from Gentry to Mrs. Simonton is the affection of the grantor for his daughter and her four children, naming them, and the duty which he owed to them. If Gentry used the words "bodily heirs" in their technical sense, the children would be excluded from the benefits of this conveyance, although they are embraced in the consideration expressed. The purpose to be accomplished by the conveyance is declared in the following language: "Now the above mentioned land and property hereby conveyed is not to be traded or sold, but the produce of the same are to go to the support of the said Ava Anna Simonton and her family during her natural life, and, at her death, to be equally and impartially divided between her bodily heirs." If "bodily heirs" means the heirs of Mrs. Simonton in an indefinite line of succession, the provision quoted is void; the declared consideration is without meaning, and the clause forbidding alienation becomes inoperative. Governed by the rule in Shelley's case, the requirement that the produce of the property should be applied to the support of the daughter and her children amounts to a false pretense, and the direction that, after Mrs. Simonton's death, the property should be equally divided between her bodily heirs, is imposible of execution and absurd. If, however, the words "bodily heirs" as used in the deed be construed to mean the four children named or to include with them those subsequently born, the consideration expressed and the declared purposes harmonize, the prohibitory clause is not only valid, but necessary for the preservation of the trust created, and the provision for common support responds to the declared paternal affection and duty. Under this construction, impartial distribution of the property at the termination of the life estate is both possible and just. The rule in Shelley's case, if applied to this instrument, destroys all of the benefits which were intended to be conferred upon the children and renders the instrument incongruous and contradictory in all of its parts, while the enforcement of the well defined intention of the grantor harmonizes every pro-

vision of the deed.  We conclude that Mrs. Simonton took an estate for life only with remainder in fee to her children after her death.

It is claimed, however, if Mrs. Simonton did not take the estate in fee simple, she had a life estate in the land which passed by her deeds and mesne conveyances to White.  It is established in this State that an estate for life may be vested in a married woman with a provision in restraint of alienation.  Wallace v. Campbell, 53 Texas, 229; Monday v. Vance, 92 Texas, 428.  In the case last cited, Chief Justice Gaines examined this question with care, and, after stating the contrary rule which prevails in England, said: "A different rule prevails in some of the courts of this country and notably in our own State (citing Wallace v. Campbell, supra), but all the authorities recognize an exception in favor of married women; and it is universally held that a conveyance may be made in trust for their benefit with the restriction upon their power of alienation."  In that case, there were no words of prohibition, but the trust was of such a character as rendered the estate inalienable.  In this case, the deed expressly prohibits alienation and creates in Mrs. Simonton a trust for the support of herself and children which is inconsistent with the power to sell the property.  "The very purpose of the deed in question was to provide a permanent support for the wife and children and the means of educating the latter.  To permit an alienation of the interest of the beneficiaries is destructive of the trust and incompatible with its purposes."  Monday v. Vance, supra.

The conveyances made by Mrs. Simonton were in direct violation of the terms of the deed under which she held the estate in trust, and all purchasers claiming under her had notice of the want of power on her part to pass any title to the property.

The children born of Mrs. Simonton since the making of the deed are not parties to this suit, and there is no question raised as between them and those named in the instrument.  The plaintiffs are beneficiaries in the deed; they are tenants in common with the other children, if the latter have a right in the land, and therefore are entitled to recover and restore the property to the trustee for its execution.

It may be necessary to adjust equities between the plaintiffs and the defendant, and we will not undertake to dispose of the case in this court, but the judgments of the District Court and Court of Civil Appeals will be reversed and this cause remanded for further trial.

*Reversed and remanded.*