### HARRY L. SEAY v. ALICE N. COCKRELL ET AL.

No. 1924. Decided February 3, 1909.

**1.—Will—Devise—Title in Fee Simple.**

A will devising real estate to certain descendants transfers to them an estate in fee simple where no less estate is limited by express words or by construction or operation of law (Rev. Stats., art. 627). (P. 286.)

**2.—Same—Rule in Shelley's Case—Restraints on Alienation.**

Where real property was given to devisees, without words qualifying the estate transferred, by one clause of a will, and a subsequent clause provided that they should not sell it and at their death it should revert to their heirs, under the rule in Shelley's Case, which prevails in Texas, the devises took an estate in fee simple, and not merely a life estate, and the attempted restraint on their alienation was void, whether as affecting their life interest or the remainder in fee. (Pp. 281–287.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*Crane, Seay & Crane,* for appellant.—The will of Mrs. Sarah H. Cockrell gave to Monroe F. Cockrell and Alexander Vardeman Cockrell only a life estate in the lot upon which the five-story brick building, known as the Cockrell Building, stands. Ridgeway v. Lamphear, 99 Ind., 252; Boling v. Miller, 133 Ind., 602; Ross v. Ross, 135 Ind., 367; 1 Ballard on Real Prop., secs. 291-297; Wescott v. Binford, 74 N. W., 18.

The intention of the testator as gathered from all parts of the will must prevail unaffected by the rule in Shelley's case which might control a deed. Ridgeway v. Lamphear, 99 Ind., 253; 3 Ballard on Real Prop., 291-297; Collins v. Williams, 98 Tenn., 525.

If the testator use the word "heirs" in the sense of children, or issue, the rule in Shelley's case is not applicable. 2 Underhill on Wills, secs. 616, 617, 659.

The rule in Shelley's case has no application to the will of Mrs. S. H. Cockrell, because she used the word "heirs" in the sense of children and issue.

*Cockrell & Gray,* for appellees.—The devise to Monroe F. Cockrell and Alexander Vardeman Cockrell of the property in controversy, by paragraph 4 of the will, was not qualified or reduced to a life estate by the inhibition against its sale or by the direction that it should "revert to their heirs" contained in the eighth paragraph of the will. By virtue of the rule in Shelley's case the devise to M. F. and A. V. Cockrell and the remainder to their heirs at their death, vested in them a fee simple title, which was in no manner limited by the inhibition in general terms against its sale. The trial court correctly held that the will of Mrs. S. H. Cockrell vested in Monroe F. and Alexander Vardeman Cockrell a fee simple title to the property in controversy. A devise to A. for his natural life with remainder to his heirs or the heirs of his body vests in the devisee a fee simple title. Lacey v. Floyd, 99 Texas, 112; Scott v. Brin, 107 S. W., 565; Simonton v. White, 93 Texas, 50; Rev. Stats., art. 627. This statute provides that a fee simple title shall pass by devise "if a less estate be not limited by express words." There is no limitation in the devise to appellees of a "life estate," and nothing said about a life estate. 2 Underhill on Wills, secs. 652, 658, 661. That the restriction against alienation was void see Simonton v. White, supra. 1 Underhill on Wills, secs. 358, 491, 522.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

Certified question from the Court of Civil Appeals of the Fifth Supreme Judicial District. The statement and questions are as follows:

"This suit was brought by appellees against appellant to enforce a contract of sale of a certain lot in the city of Dallas, on which is situated a five-story brick building, known as the 'Cockrell Building.'

"Defendant admitted to making the contract, but contested plaintiffs' right to convey a fee simple title to an undivided one-half interest to said property.

"A trial resulted in a judgment for plaintiffs and the cause is now pending here for review.

"The case comes up upon an agreed statement of facts made in accordance with article 1293, Revised Statutes, which shows that Mrs. S. H. Cockrell, at the time of her death in 1892, owned certain real estate in the city and county of Dallas, among which were lots 11, 12 and part of lot 13, of the subdivision of what is known as the Spear Block, being the property in controversy. At her death she left a will, which is as follows:

" 'State of Texas, County of Dallas:

" 'Know all men by these presents, that I, Sarah H. Cockrell, being of sound mind and in good health, knowing the uncertainty of life and the certainty of death and wishing to dispose of my earthly effect according to my own will and desire:

" 'Firstly: It is my will that my last sickness and burial expense be paid by my administrator hereafter appointed.

" '2d. All my debts, dues and demands be paid.

" '3d. I give to my beloved son and bequeath unto him the following property, to wit: Undivided one-half interest in my five-story office building fronting 50 feet on the north side of Main Street, west of Sickamore Street, all of the two lots on the west cor. of Wood and Austin Streets running 100 feet on each street now occupied by Henry Struck and Mrs. Marshael, all of lot 1 northeast corner Broadway and Elm Street, being 50 by 100 feet, a brick house being thereon, one and one-half story a basement. All of four lots between Commerce and Jackson and Broadway and Water Streets, being 100 by 200, now occupied by J. M. Bussey as a. brick yard. All of one-half block, more or less, on cor. of Jefferson and Street, being west of the Grigsby League line and near the intersection of Cochran and Jefferson Street. All of the lot running 500 feet off Jefferson Street running 100 feet off Wood Street, northwest cor. Jefferson Street. All of half block between Broadway and Water Street, Pacific Avenue, 100 by 200 feet.

" '4th. I give and bequeath unto my son Alexander's bodily heirs, Monro and Alexander V. Cockrell, one block between Jefferson and Market Walnet, now occupied by William McKinsey, also an undivided half interest in my five-story office house on north side of Main Street.

" '5th. I give unto my son Aleck Cockrell all of two lots on southwest cor. of Lamar Street X Wood Street, fronting 100 feet on each street and containing a two-story brick building with a basement now occupied by Boren & Stuart.

" '6th. An undivided half interest in all the lots and improvements that I own in the block between Commerce and Jackson, Houston and Broadway Streets, formerly my old home. All of the two lots on southwest cor. of Broadway and Elm Streets, fronting 100 feet on east, direct west of Compay Mills. All of lot fronting 50 feet on Jefferson Street extending back one hundred 50 feet distance from the northwest cor. of Wood and Jefferson Street.

" '7th. All of block fronting on south side of Gaston Avenue 130 feet is opposite Mich Gray's home nor occupied by him as a pasture lot. To have and to hold for his use and benefit as during his life, at his death to go to his bodily heirs, all the two lots on the cor. Broadway and Elm he can do what he chooses with them lots.

" 'I will and bequeath unto my son Robert B. Cockrell, dec'd 2 children Clarence and S. Louise Cockrell the following described property: All of my lot 25 by 180 foot on the north side of Elm Street extending back to Pacific containing a 2 story brick building occupied by Cahn Bros. all of lot 25 by 100 being on south side of Main Street east of Lamar, containing a 2 story brick now occupied by Mr. Webb, Jeweler. An undivided one-half interest in all the lot and improvements in block between Commerce and Jackson Street Houston and Broadway, formerly my old home, all of block in East Dallas lying on Swiss Avenue, it being the same that my son R. B. Cockrell, dec'd bought of Jefferson Peak, afterwards I purchased the same of him

containing one acre more or less.  All of 4 lots between Broadway
and Water Street and Wood and Jackson, containing 100 by 200 now
occupied by J. M. Bussey as a brick yard, all of half block between
Broadway and Water Streets, Wood and Young & Polk, 100 by 200,
near the Dallas Elevator, one lot being 50 feet on east side of Austin
Street, extending back 100 feet, same being 150 feet from the south-
east corner of Austin and Columbia Street.   I further that the
rest of my property be equally divided a with my sons and my
two grandchildren, Clarence and Sarah Louis Cockrell, with the
exception of my interest in the Todd Milling Company, that goes to
my son F. M. Cockrell, a block of 300 by 300 feet on the northwest
side of Arlald Street goes to Monroe F. and Vardeman Cockrell out
of my estate.  My stock in the cotton and woolen mills to be equally
divided among my two sons and my two grandchildren of my son
R. B. Cockrell.   This stock is not transferable for 15 years when
Sarah Louis Cockrell is 21 years of age then they shall have the
right to draw one-half of their estate, but not to sell the Elm Street,
Main Street or my old home on Commerce and Broadway at their
death it goes to their heirs if they, one of them dies before come to
the years of maturity it shall revert to the other, and if both should
both die without issue then at their death this property that is not
allowed to be sold shall revert back to my heirs.  Further if Clarence
should be in business at the age of 21 he is not to draw $1.00 more
from my estate until after he is 40 years old, the said Monroe and
Aleck and Vardeman Cockrell, shall not sell a black that lies between
Jefferson and Market or the half interest in the 5 story office build-
ing on Main at their death and shall revert to their heirs.  I ap-
point Michael Gray and my son F. M. Cockrell, as the guardians of
my two grandchildren Clarence and S. Louise Cockrell.

" 'All taxes and insurance and all other expenses that may accrue
of my office building shall be paid out of the rent, the remainder of
the rent shall one-half go to the said Monroe and Alexander's
credit at the end of the year it is to be placed at interest or in Gov.
bonds by their guardian, also all taxes that may accrue and insur-
ance on any and all property owned by any or either of my grand-
children that has been deeded to them heretofore or now be paid
out of income from the property that I deed except the 5 story office
building that is only to pay its own expense, in keeping up any and
all expenses, their half expense of a house in full it is my wish and
will be probate and divided according to my will by my own sons
this my last will and testament in voking all other wills made before
this by me, this the 18th day of August, A. D. in the year of our
Lord, 1890.

" 'Sarah H. Cockrell.'

" 'Witness: W. M. Lee, W. Worrill.'

"Filed Sept. 8, 1893, L. H. Hughes, Clk. Co. Ct., by A. S. Jackson,
Deputy.

"Said will was duly probated.

"Thereafter in 1907, Alice N. Cockrell, joined by her husband,
Frank M. Cockrell, brought suit in the 14th Judicial District Court

of Dallas County, against the above named Monroe F. and Alexander Vardeman Cockrell, and Mrs. Ettie F. Cockrell and her husband, Alex Cockrell, the petition in effect alleging that plaintiff owned in fee simple an undivided one-half interest in and to the 'Cockrell Building' (being the property here in controversy) : that Monroe F. and Alexander V. Cockrell jointly claimed title to the other one-half undivided interest by virtue of the will of Mrs. S. H. Cockrell, their grandmother (setting out the 4th paragraph of said will), which had been probated. That the Probate Court of Dallas County had set aside to said Monroe F. and Alexander V. Cockrell a life estate in and to said Cockrell Building with remainder to their heirs and prohibited them from selling or alienating same. That while said will and said probate order purport to vest only a life estate in said property, plaintiff is informed and believes that said Monroe F. and Alexander V. Cockrell are vested with a perfect fee simple title in and to said property, without reversion or remainder to any person, with the full right and power to dispose of same at pleasure; that by reason of the said conditions some doubt might be cast upon the right, title and authority of the said Monroe F. and Alexander V. Cockrell, which tends to affect the interest of plaintiff herein, for the reason that said property is incapable of the partition as hereinafter set forth, and plaintiff can not sell her undivided interest in said property as to get full value. That said Monroe F. and Alexander V. Cockrell were unmarried and neither had ever been married, and that Ettie F. and Alex Cockrell are the parents and next heirs presumptive; that the interest of said M. F. and A. V. Cockrell has become encumbered for State and county and city taxes in excess of $7,000, for which they have had to borrow the money to pay, and the building requires a large sum in expenditure to properly preserve it and the value thereof, and defendants have not the means to make the necessary expenditures; that said building is constructed as an entirety and not susceptible of partition in kind, and a sale thereof is necessary in order that plaintiff may realize the full value of her property.

"Premises considered, plaintiff prays that all of said parties above named be made defendants herein, and that upon hearing hereof, she have judgment establishing her right to one-half of said property, and decreeing a sale thereof, and further prays that the court appoint a commissioner of partition to make said sale, and distribute the proceeds thereof, one-half of this to plaintiff and the other one-half to the said Monroe F. Cockrell and Alexander Vardeman Cockrell, unless it shall be determined that said parties have only a life estate in said property, in which event plaintiff prays that her one-half of said proceeds be paid to her or to her order and that the court make such further orders and decrees with reference to the other one-half of said property as to fully protect and preserve same for the owners thereof, according to such proportions as the court may decree such adverse parties entitled to, and plaintiff further prays for such other general and special legal and equitable relief as the facts may justify.

"On October 2, 1907, judgment was rendered to the effect that

Alice N. Cockrell owned an undivided one-half interest in said build-
ing and that Monroe F. and Alexander V. Cockrell jointly are the
owners in fee simple of the other one-half, and that the property was
incapable of partition in specie. Also removing the apparent cloud
from the interest of Monroe F. and Alexander V. Cockrell and vest-
ing title in them as against all persons who might be held to come
within the description of their heirs, etc., and ordering the sale of
said property by a special commissioner for the purpose of partition.

"Said judgment has never been in any manner appealed from or
set aside.

"It is agreed that said Monroe F. Cockrell and Alexander Vardeman
Cockrell are both of lawful age and unmarried, and that neither
of them has ever been married, and that both their parents are living,
to wit: Alex Cockrell and Mrs. Ettie F. Cockrell, his wife, who are
defendants in the suit above referred to, brought by Mrs. Alice N.
Cockrell and husband against said Monroe F. Cockrell and Alexander
Vardeman Cockrell.

"It is agreed that in the above entitled suit brought by Mrs. Alice
N. Cockrell and Frank M. Cockrell against Monroe F. Cockrell and
Alexander Vardeman Cockrell, Alex Cockrell and Mrs. Ettie F. Cock-
rell, the defendants, Monroe F. Cockrell and Alexander Vardeman
Cockrell, adopted the pleadings of said Mrs. Alice N. Cockrell, as
above set forth, and prayed that a decree be entered against all par-
ties, removing all cloud from their title, which they claimed was
an absolute fee simple title in an undivided one-half interest in said
property, and the defendants Alex Cockrell and Ettie F. Cockrell, his
wife, answered by general denial.

"Said Harry L. Seay declined to carry out his contract above set
forth, and accept the title to said property on the ground that there
was a doubt as to whether or not said Monroe F. Cockrell and
Alexander Vardeman Cockrell had a fee simple title to the undivided
one-half interest in said property claimed by them, or only a life
estate, and that is the only question presented to this court for
consideration, the plaintiffs herein claiming that the title of said
Monroe F. Cockrell and Alexander Vardeman Cockrell is a good and
perfect fee simple title, it being agreed that Alice N. Cockrell has a
good fee simple title to the other undivided one-half.

"It is agreed that if in fact said Monroe F. Cockrell and Alexander
Vardeman Cockrell have a fee simple title to the property above de-
scribed, judgment shall be entered decreeing a specific performance of
said contract against all parties hereto, both plaintiffs and defendant,
as prayed for in plaintiffs' petition, and defendant's answer, and
that the fact that their said title may have been in a measure clouded
by reason of the facts above set forth, shall constitute no defense to
this action in the event the court shall hold that in fact said Monroe
F. Cockrell and Alexander Vardeman Cockrell have a fee simple title
to said property. A formal tender of conveyance in compliance with
contract is waived as a condition precedent to the suit and on trial
hereof.

"Question 1. Did the will of Mrs. S. H. Cockrell vest in Monroe
F. Cockrell and Alexander Vardeman Cockrell the fee simple title

in and to one-half the undivided interest in said property, being the property mentioned in paragraph 4 of the will as 'my 5 story office house on north side of Main Street,' and are they by reason thereof empowered to convey such title?

"Question 2. Is the judgment of the 14th Judicial District Court of Dallas County, above mentioned, res adjudicata of the issue involved?"

We are of opinion that the first question should be answered in the affirmative.

Chancellor Kent in his Commentaries adopts, with slight modification, the statement of the rule in Shelley's case, laid down by Mr. Preston as follows: "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate."

The rule in Shelley's case is in force in this State. Hancock v. Butler, 21 Texas, 804; Lacy v. Floyd, 99 Texas, 112; Simonton v. White, 93 Texas, 50.

Our Revised Statutes, article 627, provide that every "estate ir lands which shall hereafter be . . . devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been . . . devised by construction or operation of law."

Under this provision it is very clear, we think, that Monroe F. and Alexander Vardeman Cockrell took under paragraph four of the will, if it stood alone, a fee simple title to the property therein mentioned, including an undivided one-half interest in the five story office building on North side of Main Street, which is the property in controversy in this suit. But the question is whether the provision contained in the 8th paragraph of the will controls this So much of that paragraph as affects this question reads as follows: "Said Monroe and Aleck and Vardeman Cockrell, shall not sell a black that lies between Jefferson and Market or the half interest in the 5 story office building on Main at their death and shall revert to their heirs." This is somewhat confused, but we think it clearly means that Monroe F. and Alexander Vardeman Cockrell shall not sell the half interest in the five story office building on Main Street during their lifetime, but upon their death it shall revert to their heirs. If the will conveys a fee simple estate the provision that the devisees shall not sell is clearly void. (Gray, Restraints on Alienation, para. 13.) If it convey a life estate we think the clause restraining its alienation equally void. (Brandon v. Robinson, 18 Ves. Jr., 429; McCormick Harvesting Co. v. Gates, 75 Iowa, 343; Henderson v. Harness, 176 Ill., 302; Gleason v. Fayweather, 4 Gray, 349.) Therefore we think that the provision has no bearing upon the question.

Divested of the question of the effect of the provision which attempted to restrain the sale of the property by the devisees, it is clear, we think, that the rule in Shelley's case applies and that the word heirs, as here used, must be taken · as words of limitation and not words of purchase. It is argued strenuously in behalf of appellant that because these provisions are found in a will and not in a deed they must receive a more liberal construction than if they were found in an instrument of the latter character. It is possible this rule may be correct, yet, under the provision which brings it so clearly within the rule in question, we fail to see that there is any room for construction in applying the rule in Shelley's case as commonly laid down, and unless the will shows very clearly that the rule ought not to apply, it must be followed. We do not know how to argue what appears to us so plain a proposition. The devisees Monroe and Alex Cockrell are given a legal freehold estate by the 4th paragraph of the will and by the 8th there is a limitation to their heirs upon their death, and therefore we think the case falls strictly within the rule under discussion. This is a clearer case than Simonton and White, supra, where it was held the rule applied.

The prohibition against the devisees selling the property is void. It is clearly a restraint upon alienation and in no manner affects the question under consideration.

The decision of this question renders it unnecessary to decide the second.