**TEXAS CO. v. MEADOR et al.   (No. 6440.)***

(Court of Civil Appeals of Texas. Austin. May 24, 1922. On Rehearing, Oct. 11. 1922.)

**1. Deeds** ⟜105—**Evidence** ⟜16—**Deed to grantee and her "heirs" held to mean grantee and her children; judicially known that "heirs" often used to mean children.**

Deed reciting that, for a consideration of $805 paid by the grantee and her heirs, the grantor conveyed to the grantee and her heirs, *held* to convey to the named grantee and her children, as the courts judicially know that many persons use the word "heirs" as synonymous with "children."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs.]

**2. Evidence** ⟜461(2)—**Recital that consideration was paid by grantee and her heirs held sufficient to put subsequent purchaser on notice.**

A recital in a deed that the consideration was paid by the grantee and her heirs rendered the deed ambiguous, and was sufficient to put a subsequent purchaser on notice that the conveyance may have been made to the grantee and other persons intended to be described by the words "her heirs," so as to render admissible testimony, as disclosing the intention of the parties, that grantee's father gave witness the money and told him to purchase the land from grantor, and to have the deed made to grantee and her children, and that the conveyancer writing the deed told witness that the conveyance was to grantee and her children, and that the term "heirs" used was equivalent to "children."

### On Motion for Rehearing.

**3. Tenancy in common** ⟜49—**Joint owners may sue to set aside lease to whole tract made by cotenant.**

Where a tenant in common executes an oil lease to the whole tract, the other tenants may

*Writ of error granted November 8, 1922.

sue to have the lease set aside, except as to the interest of the tenant executing the lease.

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

Action by Esther Meador and others against the Texas Company and others. Judgment for plaintiffs, and defendant Texas Company appeals. Affirmed.

H. S. Garrett, of Fort Worth, and T. J. Lawhon and R. A. John, both of Houston, for appellant.

G. C. Lewis and A. R. Eidson, both of Hamilton, for appellees.

BRADY, J. Appellees sued appellant, the Texas Company, and others, for partition of a tract of land in Eastland county. It was alleged that each of the parties other than the Texas Company owned an undivided one-eleventh interest in the land, and that the Texas Company owned an oil and gas lease on only one-eleventh of the land, acquired through one of the defendants, Mrs. M. C. Banowsky, who was formerly Mrs. M. C. Arnold. In February, 1902, G. B. Branton and wife, who owned the land in fee simple, conveyed it by deed to Mrs. M. C. Arnold, and the deed was duly recorded. Later Mrs. Arnold became Mrs. Banowsky, and on October 23, 1918, Branton and wife executed what purported to be a correction deed to Mrs. Banowsky, and this last deed was also duly recorded.

On October 26, 1918, Mrs. Banowsky executed an oil and gas lease to Levi McCollum, covering the land in controversy which was shortly thereafter recorded. The Texas Company, on the same date this lease was recorded, purchased the same from McCollum for value, and has paid the rentals provided by the lease to Mrs. Banowsky. It is admitted that the Texas Company had no knowledge or notice other than the recitals in the deed from Branton and wife to Mrs. M. C. Arnold, and specifically that it had no notice or knowledge of the facts testified to by one J. H. Grogan. This testimony, admitted over the objections of the Texas Company, but agreed to as true and correct, is in substance that Mrs. Arnold's father, Isaac Gann, gave Grogan the money to purchase the land from Branton, and told him (Grogan) to purchase it, and have the deed made to Mrs. Arnold and her children. Grogan took the money and followed his instructions, employed a notary, who prepared the deed, and gave him instructions to so prepare the deed as to convey the land to Mrs. Arnold and her children; Mrs. Arnold then being a widow. The notary wrote the deed as is hereinafter set out, but told Grogan that it was a conveyance of the property to Mrs. Arnold and her children, and that the use of the term "heirs" in the deed was the equivalent of the word "children." It is un-disputed that at this time and at the execution of the deed Mrs. Arnold and the plaintiffs, as well as other children of herself, were then living. The deed from Branton and wife to Mrs. Arnold, omitting formal parts, is as follows:

"That we, G. B. Branton and his wife, L. B. Branton, of the county of Eastland, in the state aforesaid, for and in consideration of the sum of eight hundred five ($805) dollars to me paid by M. C. Arnold and her heirs, have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said M. C. Arnold and her heirs, of the county of Eastland and state of Texas, all that certain parcel or tract of land situated in Eastland county, Texas, known as tract 14, a part of the John F. Sapp survey and more fully described as follows: * * * To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereunto in any wise belonging, unto the said M. C. Arnold and her heirs, heirs and assigns, forever; and we do hereby bind our heirs, executors, and administrators to warrant and forever defend, all and singular the said premises unto the said M. C. Arnold and her heirs, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The repetition of the word "heirs," in the habendum and warranty clauses, was manifestly due to the use of a printed form. The court rendered judgment that the plaintiffs and the defendants, other than the Texas Company, were each the owners of an undivided one-eleventh interest in the land, except the Brunson defendants, who together owned such an interest, and that the Texas Company owned an oil and gas lease on the interest of Mrs. Banowsky, formerly Mrs. Arnold, which was also held to be an undivided one-eleventh interest in the land, decreed partition, and annulled the lease of the Texas Company, except as to the interest of Mrs. Banowsky.

[1] The controlling question is whether the rule in Shelley's Case applies to this case. It is now settled law in Texas that the rule referred to will be enforced in a proper case, and has become a rule of property in this state. However, in Hunting v. Jones, 215 S. W. 959, Judge McClendon, of the Commission of Appeals, made this statement:

"The rule, however, is now recognized as a rule of property in this state, and the plain duty rests with the courts to give it effect, *where clearly applicable.* The rule does not, however, prevent an inquiry into the question whether, from a fair construction of the instrument, the otherwise technical words were in fact employed in a nontechnical sense." (Italics ours.)

With commendable fairness, counsel for appellant have cited a number of Texas cases; some involving instances in which the rule in Shelley's Case has been applied, and

others to the contrary. Those cited as applying the rule are Singletary v. Hill, 43 Tex. 588; Lacey v. Floyd, 99 Tex. 112, 87 S. W. 665; Brown v. Bryant, 17 Tex. Civ. App. 454, 44 S. W. 399; Scott v. Brin, 48 Tex. Civ. App. 500, 107 S. W. 565; Peters v. Rice (Tex. Civ. App.) 157 S. W. 1181; Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160; Reeves v. Simpson (Tex. Civ. App.) 182 S. W. 68; Calder v. Davidson (Tex. Civ. App.) 59 S. W. 300; Johnson v. Morton, 28 Tex. Civ. App. 296, 67 S. W. 790; Pearce v. Carrington (Tex. Civ. App.) 124 S. W. 469; Pearce v. Pearce, 104 Tex. 73, 134 S. W. 210; Hughes v. Titterington (Tex. Civ. App.) 168 S. W. 45; Hopkins v. Hopkins, 103 Tex. 15, 122 S. W. 15; Scott v. Noel (Ky.) 45 S. W. 517. Cases cited in which the rule will not apply are Hancock v. Butler, 21 Tex. 804; Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824; Hunting v. Jones (Tex. Com. App.) 215 S. W. 959; Cottrell v. Moreman (Tex. Civ. App.) 136 S. W. 124; Vaughn v. Pearce (Tex. Civ. App.) 153 S. W. 171; McMahan v. McMahan (Tex. Civ. App.) 198 S. W. 354; Hopkins v. Hopkins, 103 Tex. 15, 122 S. W. 15.

None of the cases we have examined involved facts identical with the present case. It must be conceded that the leading case of Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824, in which the Supreme Court refused to apply the rule, involved stronger facts and reasons for denying the application of the rule than those in the present case. For instance, in that case the deed named the children of the grantee, was a deed of gift, and made express provision for Mrs. Simonton and her family, and provided for an equal distribution at her death between her bodily heirs. However, Mr. Justice Brown, speaking for the Supreme Court, gave weight to the recital in the consideration clause of the deed as evidencing the intention of the grantor to convey to the children as well as to the daughter, and observed that to construe the phrase "bodily heirs" in its technical sense would be to exclude the children from the benefits of the conveyance, although they are embraced in the consideration expressed. It was said that, if the rule in Shelley's Case should be applied to the instrument, it would destroy all the benefits intended to be conferred upon the children, and it was concluded that Mrs. Simonton took only an estate for life, with remainder in fee to her children.

While the facts are concededly different from those here involved, we are of the opinion that the reasoning of the Supreme Court in the Simonton Case, as well as in other cases, is applicable here. It is obviously authority for the proposition that recourse may be had to the clause reciting the consideration, in seeking to ascertain the intention of the grantor. Here we have the recital that the consideration for the deed was paid by Mrs. Arnold *and her heirs*. It

243 S.W.—63

is fair to presume that the words "her heirs" were used in the same sense in the succeeding clauses of the deed. If the instrument spoke the truth, as must be presumed, the grantor received the sum of $805 from Mrs. M. C. Arnold and some other person or persons. Mrs. Arnold was at that time living and had no heirs, within the meaning of the rule in Shelley's Case. We judicially know that many persons use the word "heirs" as synonymous with children, and if the entire grant shows that the term was used in its popular sense, that meaning will be given it rather than its technical significance. In view of the fact that Mrs. Arnold was then a living person, and, of course, had no heirs, and the express recital that others joined in the payment of the consideration, it would seem that her then living children were intended to be described by the words "her heirs." The trial court concluded that this recital was equivalent to the same thing as if the deed, on its face, had recited Mrs. M. C. Arnold and her children, and that the word "heirs" was used throughout the deed in its popular sense as meaning children. We conclude that the trial court's construction of the deed was justified, and therefore the judgment was correct.

[2] If, however, we should be mistaken in the conclusion just announced, nevertheless we are firmly of the opinion that, by reason of the recital of the payment of part of the consideration by the heirs of Mrs. Arnold, the deed was at least rendered ambiguous, and was sufficient to put a purchaser through Mrs. Arnold upon notice that the grantor may have intended to make the conveyance to her and also to other persons, intended to be described by the phrase "and her heirs." Therefore the testimony of Mr. Grogan, which is admitted to be true and correct as to the facts established thereby, clearly shows the intention of the grantor to provide for Mrs. Arnold's children, and to vest in them an interest in the land, and sufficiently supports the judgment of the trial court. It will be presumed that diligent inquiry by a purchaser would have revealed the facts testified to by Mr. Grogan, which would have disclosed the interest of the children.

Mr. Justice JENKINS agrees to the conclusion that the judgment should be affirmed, upon the ground that there was ambiguity in the deed authorizing the admission of parol evidence, which established the testator's intent, but does not agree to the proposition that the deed, on its face, should have been construed as was done by the trial court.

The judgment will be affirmed.

Affirmed.

## On Rehearing.

BRADY, J. Counsel for appellant has filed an able and interesting brief on motion for rehearing. We concede that the question

is a very close one, and it may be that we have carried the doctrine announced in Simonton v. White, 93 Tex. 50, 53 S. W.. 339, 77 Am. St. Rep. 824, cited in the original opinion, beyond its true scope; but we are still of the opinion that the reasoning of the Supreme Court in that case upholds the interpretation of the deed applied by the trial court here.

Appellant has also, for the first time, raised the point, claimed to be fundamental error, that the judgment below is erroneous, because the law docs not authorize a partition between the holders of a fee-simple title to undivided interests in a tract of land and the holder of a mineral lease thereon. In support of this proposition, there is cited the case of Medina Oil Development Co. v. Murphy (Tex. Civ. App.) 233 S. W. 333, and it is insisted that we should either overrule that case or follow the doctrine declared therein.

We have examined the opinion of the San Antonio Court of Civil Appeals in the case cited, and we do not think that the case is in point on the facts. There the land was jointly owned by two persons, the tract consisting of about 1,900 acres. One of them executed an oil and gas lease to the oil company to a specified 1,000 acres, describing it by metes and bounds. The other joint owner did not join in the lease and was not a party to it. Suit was by the oil company for partition of the oil rights, and both landowners were made parties. A general demurrer was sustained, and the appellate court upheld the action of the trial court, upon the ground that the owner of an oil and gas lease on a part only of the land, executed by only one of the owners, could not maintain a suit for partition against the owners, and upon the additional ground that the oil lease was claimed on a particular portion of the land, described and designated, and that it was sought to establish the lease against such described portion, whereas, the land was owned in common, and, manifestly, the lessor could not convey an interest in a specific portion of the land jointly owned.

In this case the plaintiffs and defendants, except the Texas Company, were all joint owners of the land, and the relief asked against the Texas Company was merely to cancel the lease on all of the land, except the part owned by Mrs. Banowsky, which was sought to be set aside to her. It was not in truth a partition of the oil and gas lease or interest as between appellees and appellant. In this respect, the suit takes on more of the nature of a suit to remove cloud from title, caused by reason of appellant's illegal claim to an oil and gas lease on their part of the land. We see no reason why, under the statutes and settled practice, the joint owners might not have partition, although one of them had attempted to convey an oil and gas interest or lease upon more than she owned.

The motion for rehearing will be overruled, but we grant the motion of appellant for additional findings of fact. Supplementary findings made by us are as follows:

In the deed executed by G. B. Branton and wife, dated February 28, 1902, as recorded April 11, 1902, in volume 46, page 175, of the Deed Records of Eastland county, Texas, the word "heirs" is not repeated as in the original deed.

The first part of the deed from G. B. Branton and wife to Mrs. M. C. Banowsky (née Mrs. M. C. Arnold), dated October 23, 1918, recorded in volume 126, at page 575, of the Deed Records of Eastland county, Texas, reads:

"The State of Texas, County of Knox.

"Know all men by these presents that we, G. B. Branton and wife, L. B. Branton, of the county of Knox, state of Texas, for and in consideration of the sum of one. dollar to us in hand paid by Mrs. M. C. Banowsky (née Arnold) . the receipt of which is hereby fully acknowledged, the further consideration of the correction of the field notes in a deed executed by us to Mrs. M. C. Arnold, dated February 28, 1902, and recorded in volume 46, at page 175, Records of Deeds of Eastland county, Texas, which is here referred to for better description of the said deed and transaction, of which this deed is intended and does correct description of the land intended to be conveyed therein, but which said land was wrongly described in said deed, this deed is intended to and does take the place of said deed, to be a substitute for same in so far as the description is concerned, and for no other purpose, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said Mrs. M. C. Banowsky, of the county of Eastland, state of Texas, all that certain lot, tract, and parcel of land lying and being situated. in Eastland county, state of Texas, and known as tract No. 4, a part of the John F. Sapp survey and more fully described as follows."

The concluding portion of said deed reads:

"To have and to hold the above-described premises, ·together with all and singular the rights and appurtenances thereto, in any wise belonging, unto the said —— heirs and assigns, forever, and we do hereby bind ourselves, our heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said Mrs. M. C. Banowsky, her heirs and assigns, against· every person whomsoever lawfully claiming or to claim the same or any part thereof."

In purchasing the lease from Levi McCollum, and in paying the rentals to Mrs. Banowsky, the Texas Company in good faith relied upon the record title to said land, as shown by the deed records of Eastland county, Texas, and believed that Mrs. M. C. Banowsky had a good and fee-simple title to all of said land.

Motion for rehearing overruled.

Motion for additional findings granted.