[Sac. No. 2463. Department One.—February 8, 1918.]

JOHN W. CUSTIS, Appellant, v. W. F. GEHELE, Respondent.

WATERS AND WATER RIGHTS—JUDGMENT DEFINING RIGHTS—APPEAL— APPELLANT NOT AGGRIEVED.—The plaintiff in an action to establish rights to the use of the waters of certain springs, who obtains a judgment declaring his right in a certain proportion of the waters, being all that he claimed to be entitled to, is not aggrieved by an addition to the judgment decreeing that the "defendant may take and use upon his own land any waters from said springs in excess of the amount" awarded by the judgment to the appellant, and he therefore cannot prosecute an appeal from the latter portion of the judgment.

APPEAL from the Superior Court of Lassen County. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

N. J. Barry, and Dodge & Barry, for Appellant.

R. M. Rankin, and Grove C. Julian, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal on the part of the plaintiff from a judgment which, in the main, is in his favor, but which he seeks to have modified in one respect only. The action was brought to establish plaintiff's right to the use of the waters of five certain springs, having their source upon lands adjoining those of the plaintiff. The complaint is in two counts, the first alleging an appropriation and adverse use of the waters of said springs for many years by the plaintiff's predecessor in the ownership of his own lands; the second alleging that the waters of said springs flow by defined courses down to and upon the plaintiff's land, and that his rights to said waters are riparian. The defendant's answer consisted of specific denials of practically all the allegations of the plaintiff's complaint except those relating to his attempted use of said waters in opposition to the plaintiff's asserted right therein, but without any affirmative averments of any right in the defendant to the use of any part of said waters upon land of his own, and without any prayer for affirmative relief. The cause was tried upon the issues thus presented. The court found that the plaintiff was entitled to the ownership and use of a certain designated proportion of the waters of said springs and no more, and that defendant's threatened diversion or obstruction of the flow of said waters to the extent of any interference with the right of the plaintiff to the flow and free use of so much of said waters as the plaintiff was thus held entitled to, would be wrongful and should be enjoined. The court further found that a year or two before the commencement of this action the defendant had entered upon said springs and each of them, and cleaned, enlarged, and developed the same, as a result of which an additional amount of water not theretofore flowing from said springs had been developed, and that ever since said time the defendant had used said additional water so developed for necessary irrigation upon lands of which he was in possession.

In the judgment following such findings the court decreed that the plaintiff had the right to the use of the amount of said waters to which by its findings he had been found entitled, and that the defendant should be enjoined from any interference therewith. The court then added to its aforesaid judgment the following clause: "But that the defendant may take and use upon his own land any waters from said

springs in excess of the amount hereinabove described.'' It is this *addendum* to the judgment in his favor that the appellant asks to have stricken from this judgment by an order of said court modifying the same.

The appeal herein is upon the judgment-roll alone. The plaintiff must therefore be held to have received by the terms of the judgment appealed from all that the proofs in the case show him to be entitled to, in so far as the amount of the waters of said springs to which he claimed the use is involved, either as an original appropriator thereof, or as a riparian owner in the waters naturally and originally derived from said springs. The findings of the court are susceptible of the construction that the waters which the defendant developed through his operations in connection with said springs were waters not naturally or originally derivable therefrom, and in which the plaintiff had no ownership, either as an appropriator or by virtue of any riparian rights therein. The plaintiff is satisfied with the court's definition of the extent of his own rights in the waters of said springs in either capacity, and is only dissatisfied with that portion of the judgment which attempts to deal with the defendant's use of the excess waters of said spring in which the plaintiff has admittedly no interest or concern. Conceding for the sake of argument that the clause in said judgment to which the plaintiff objects is outside of the pleadings and issues, and even of the evidence, in the case, still the plaintiff is in no wise aggrieved thereby, and hence is in no position to prosecute this appeal. (Code Civ. Proc., sec. 938.)

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.