[Civ. No. 7945. First Appellate District, Division One.—September 13, 1932.]

ROY E. TREECE, Appellant, v. CAROLYN L. TREECE, Respondent.

George Ingraham for Appellant.

H. L. Richardson for Respondent.

THE COURT.—An appeal by plaintiff from an order entered on March 17, 1931, amending an interlocutory decree of divorce and denying plaintiff's motion to set aside the judgment as amended.

At the conclusion of the trial of the action findings were waived and on January 2, 1930, an interlocutory decree of divorce was granted to the plaintiff. The material parts of the decree are as follows: " . . . It is hereby ordered, adjudged and decreed that a divorce ought to be granted to said plaintiff from said defendant, and that said plaintiff is entitled to a divorce from said defendant on the grounds of defendant's extreme cruelty toward plaintiff, and (it being stipulated in open court by the parties hereto as and for a property settlement herein) that defendant and cross-complainant have the community household furniture, and that plaintiff pay to defendant and cross-complainant the sum of twelve hundred fifty ($1,250) dollars in the following manner, to wit: not less than sixty-five ($65.) dollars on the 1st day of January, 1930, and not less than sixty-five ($65.) dollars on the first day of each and every

month thereafter until the whole sum of said twelve hundred fifty ($1,250) dollars has been paid in full."

The order complained of directed that the decree be amended by inserting therein the following: "That in pursuance of said stipulation it is hereby ordered, adjudged and decreed that plaintiff pay to defendant the sum of twelve hundred and fifty ($1,250) dollars in the following manner, to wit, not less than sixty-five ($65.) dollars on the 1st day of January 1930, and not less than sixty-five ($65.) dollars on the 1st day of each and every month thereafter until the whole sum of twelve hundred fifty ($1,250) dollars has been paid in full."

Plaintiff claims that the error, if any, sought to be corrected by the motion was judicial rather than clerical, and that the court had lost jurisdiction by lapse of time to correct its judgment.

■ As to this objection it will be sufficient to say that the power to correct its record to accord with the facts, where the error appears on the face of the record, is not lost by mere lapse of time (*City and County of San Francisco* v. *Brown*, 153 Cal. 644 [96 Pac. 281]). But whether the alleged error was clerical or judicial in its nature we think it unnecessary to determine. ■ Judgments are to have a reasonable intendment (34 Cor. Jur., Judgments, p. 502), and where it admits of two constructions that one will be adopted which is consonant with the judgment which should have been rendered on the facts and law of the case (*Watson* v. *Lawson*, 166 Cal. 235 [135 Pac. 961]). It has been said that "wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court reference may be had to the pleadings and other proceedings; and if with the light thus thrown on such entry its obscurity is dispelled and its intended signification made apparent the judgment will be upheld and carried into effect as though its meaning and intendment were made clear and manifest by its own terms (Black on Judgments, sec. 123; *Clay* v. *Hildebrand*, 34 Kan. 694 [9 Pac. 466, 470]). ■ By rejecting that part of the decree as originally entered which reads " (it being stipulated in open court by the parties hereto as and for a property settlement herein)"—which is obviously surplusage—we have a decree following exactly the terms of the admitted stipulation

between the parties, as clearly appears on the face of the record to have been the court's intention, namely, that its judgment should be in accordance therewith. This being true, appellant was not injured by the order subsequently made, and, not being an aggrieved party, had no grounds for appeal (2 Cal. Jur., Appeal and Error, sec. 56, p. 215; *Custis* v. *Gehele,* 177 Cal. 455 [170 Pac. 1109]).

The order is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 13, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 10, 1932.