[Civ. No. 9412. First Appellate District, Division One.—December 5, 1934.]

WILLIAM T. WHITMORE, Appellant, v. OSSIAN E. CARR, as City Manager, etc., et al., Respondents.

George Gelder for Appellant.

F. B. Fernhoff, City Attorney, and Homer W. Buckley, Assistant City Attorney, for Respondents.

JONES, J., *pro tem.*—This is an appeal from an order denying a peremptory writ of mandate after a return to an alternative writ of mandate and a hearing upon an order to show cause.

The petitioner is an active member of the fire department of the City of Oakland. His petition filed in the Superior Court of Alameda County alleges that he has not been allowed a leave of absence, with full pay, of not less than twenty-four hours' duration every fifth day, in violation of section 100 of article XV of the charter of the city of Oakland, and that in violation of Ordinance No. 1609, N. S., of the City of Oakland, he has been compelled by the city

manager and the chief of the fire department of the City of Oakland to remain on duty for more than fourteen consecutive hours at times other than when changing from one tour of duty to another, or in cases of conflagration requiring the service of more than one-half of the fire department. The prayer of the petition is for a writ of mandate to compel· the city manager and the chief of the fire department to accord the privileges which he alleges have been denied him.

Upon the filing of the petition an alternative writ of mandate was issued directing the city manager and the chief of the fire department to accede to the demands of petitioner as alleged, or to show cause on a return date why they had not done so. The officers named made return to the writ, answered the petition, and the entire matter was brought on for hearing. Findings of fact and conclusions of law were waived by stipulation of the parties.

The respondents contend that said Ordinance No. 1609, N. S., is invalid and of no effect.

The parties have stipulated as facts that Ordinance No. 1609, N. S., was introduced in the city council of the City of Oakland as a bill at a regular meeting of said council on the tenth day of April, 1919, and that said bill was read in open council twice only, and was never signed, passed or adopted by the said city council; that in this state it was submitted to the voters of the city at a regular municipal election held on the sixth day of May, 1919, and, at said election, a majority of the votes cast upon the proposition were in favor of its adoption.

Article XXII of the charter of the City of Oakland, embodying sections 177 to 186, inclusive, deals with the right of the electors of the city to exercise the power of referendum over local measures. This power of referendum is the right reserved to the people to adopt or reject any act or measure which has been passed by a legislative body, and which, in most cases, would without action on the part of the electors become a law. This power of referendum, as well as that of the initiative, is reserved by section 1 of article IV of the Constitution, to the people of each city and town in the state, with the right in cities acting under a charter to provide for the manner in which the power may be exercised.

The procedure for exercising the power of referendum, in so far as this case is concerned, is prescribed by section 179 of article XXII of the charter, as it stood in 1919, which is as follows:

"Any ordinance which the council is empowered to pass may be submitted by an affirmative vote of three (3) of its members at a general municipal election only, subject to the provisions of this article so far as applicable."

By this provision there is vested in three members of the council, concurring, the right to invoke the power of referendum upon any ordinance passed by the council, and which, without the referendum being invoked, would become effective as an ordinance.

The effect of a vote taken upon the submission of an ordinance to the electors in the manner as provided in section 179 of the charter, or by any other provision of article XXII of the charter, is defined by section 185, which reads:

"If a majority of the votes cast on any ordinance or measure so referred to the electors, as herein provided, shall be in favor thereof, it shall go into effect five (5) days after the declaration of the official canvass; otherwise it shall be repealed and rejected."

The words "ordinance" and "measure" are synonymous, each meaning a legislative enactment. In substance, section 185 of the charter provides that when any legislative enactment adopted by the city council is referred to the electorate under any of the provisions of article XXII its operation as such is suspended until five days after the declaration of the result of the election, when, if the result is favorable, it shall go into effect, otherwise it shall be repealed and rejected.

Enactment is not a quality of the referendum. It comes from the exercise of the power of the initiative by the electorate, which in the case of the City of Oakland is provided for in article XXI of the charter, or from action by a legislative assembly. The referendum is limited in its operation to the adoption or rejection of legislation already enacted by a legislative body, and in the absence of such prior enactment there can be neither "repeal and rejection", to use the terms of the charter provision, nor adoption by the electorate.

Ordinance No. 1609, N. S., was never passed or adopted by the city council, and it never attained the status

of a legislative enactment. For the electors to adopt it, upon it being referred to them, could give it no added legislative effect, and to vote against it would repeal nothing, for it was without legislative effect in itself. It never became an enactment by the council or the people, and as an ordinance of the City of Oakland it stands invalid and ineffectual for any purpose.

■ The one other point made by the petitioner is that the respondents have failed to comply with the provisions of section 100 of article XV of the charter. This section is as follows:

"Each member of the Fire Department shall be allowed a leave of absence, with full pay, of not less than twenty-four hours' duration every fifth day."

The return to the writ shows that, after it was served upon the respondents, an order was issued by the chief of the fire department putting into effect a schedule of duty for the members of the fire department under which the shifts, or tours of duty, are so arranged that each member goes off night duty at 8 A. M. of every fourth day for a twenty-four hour period, with no deduction in pay for such time off.

Petitioner is receiving every fourth day off with pay instead of every fifth day off with pay, as prescribed by the charter, and is in nowise aggrieved by the judgment entered in the lower court, and hence in no position to prosecute this appeal. (*Custis* v. *Gehele*, 177 Cal. 455 [170 Pac. 1109]; Code Civ. Proc., sec. 938.)

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.