[Civ. No. 5983. Fourth Dist. Nov. 19, 1959.]

CHARLOTTE ANDREWS, Appellant, v. CITY OF SAN
BERNARDINO et al., Respondents.

Alexander Ruiz and Manuel Ruiz, Jr., for Appellant.

William A. Flory and Ralph H. Prince, City Attorneys, Waldo Willhoft and William J. Ward for Respondents.

SHEPARD, J.—This is an action by which appellant seeks a writ of mandamus to compel the mayor and Common Council of the City of San Bernardino (hereinafter referred to as Council) to set aside Resolution Number 2361 adopted June 23, 1952, declaring a need for a redevelopment agency and also seeking to compel said Council to set aside and vacate Ordinance Number 2217 which approved the tentative plan for redevelopment of Meadowbrook Project Area Number 1, which ordinance was adopted March 31, 1958. The petition for mandamus was filed April 15, 1958. A demurrer was sustained without leave to amend and plaintiff appeals from the judgment entered pursuant to such order.

The petition shows that the city of San Bernardino is governed under a charter adopted pursuant to sections 8 and 8½ of article XI of the California Constitution. Under such charter the governing body is the Council. On November 7, 1950, the Council, by Ordinance Number 1896, caused to be submitted to a vote of the electors of the city the following question:

"Shall the Mayor and Common Council of the City of San Bernardino create and establish a redevelopment agency pursuant to the provisions of the California Community Redevelopment act?"

The majority vote on this question was "No." On January 19, 1951, the Council directed the mayor to write a letter cancelling the contract for urban redevelopment. About a year and a half later, on June 23, 1952, the Council by Resolution 2361 declared a need for a redevelopment agency in the city. In 1954 the City Planning Commission took steps to designate redevelopment areas and adopted a plan therefor.

456

In 1957 the Council designated the redevelopment area under discussion. After duly noticed hearings on January 30, 1958, the redevelopment agency adopted a tentative plan and submitted the same to the Council for approval. The Planning Commission recommended to the Council the approval of the tentative plan. Notice was given, as provided by law, of a public hearing before the Council on the tentative plan and on March 4, 1958, such hearing was held. Plaintiff appeared before the Council at that time and at her request the matter was continued until March 24th, when the first reading of the ordinance was had. It then went over to March 31st for the second reading and on that day plaintiff's request for additional continuances was denied, and after hearing arguments and evidence the Council enacted Ordinance Number 2217 approving and adopting a tentative plan for redevelopment of Meadowbrook Project Area Number 1.

Plaintiff contends that the Council did not afford adequate time to prepare for a hearing and that her rights were thus unlawfully prejudiced. From the preceding recital it appears that the consideration of the redevelopment project had been before the community in general for more than four years and that mailed notice was given to each assessed landowner about January 1st, 1958, as notice of the hearing of January 30, 1958, before the redevelopment agency (petitioner alleges that she and the other persons she claims to represent are landowners in the project area here in question); that even though she might claim that she did not personally receive such notice nor read the publication thereof, she did in fact appear at the hearing of March 4, 1958, and obtained a continuance of three weeks which, coupled with a further continuance of one week for the second reading of the ordinance, made a total of four weeks. We are satisfied that her petition makes fully clear that ample time and opportunity for hearing was afforded petitioner by Council and that on this showing no court would be justified in holding that Council abused its discretion.

Next, plaintiff contends that the election of November 7, 1950, was a valid initiatory process and that the election caused the approval of an ordinance which only the electorate could change. With this we cannot agree. All that was submitted to the voters was an advisory question. Its form admits of no other interpretation. It is true that section 120 (b) of article III of the Charter of the City of San Bernardino, insofar as it is here cogent to the issues, reads:

". . . and any Ordinance proposed by petition or which shall be adopted by a vote of the people, cannot be repealed or amended except by a vote of the people obtained in like manner."

The form of the question proposed to the electorate was not on the subject of the adoption of an ordinance but rather was on the question how did the elector think on a certain general proposal. The proceeding clearly had no resemblance to an initiatory process for no elector's proposal had ever been made. The referendum is limited in its operation to legislation already enacted by the legislative body and it is clear from a mere glance at the question that it bears no resemblance to a legislative enactment. (*Whitmore* v. *Carr*, 2 Cal. App.2d 590, 593 [2] [38 P.2d 802]; *Housing Authority* v. *Superior Court*, 35 Cal.2d 550, 558 [8] [219 P.2d 457].) The case of *Dye* v. *Council of the City of Compton*, 80 Cal.App. 2d 486 [182 P.2d 623], cited by plaintiff involved a tax ordinance regularly adopted by the Council with a referendary petition presented to and denied by the Council. This and other cases cited by plaintiff do not bear on the subject at hand and are not persuasive.

 Second, plaintiff claims this action was timely, that is, that it was not premature. In considering this question it must be kept in mind that there are several chronological steps which must necessarily precede the adoption of a "final redevelopment plan." Included in these preparatory steps are (with section numbers of the Health and Safety Code involved) first, the Council's resolution of need, 33201; second, appointment of five-member board of redevelopment agency, 33230; third, Planning Commission's plan, 33452; fourth, resolution of Council designating redevelopment areas, 33481; fifth, formulation of preliminary plan, 33502; sixth, the tentative plan and public hearings thereon, 33530 to 33535; seventh, presentation of tentative plan to Council and public hearings thereon, 33560 to 33567; eighth, adoption by Council of tentative plan, 33568 to 33573; ninth, preparation of final plan, 33700 to 33741; adoption of final plan, 33733. It is with this background in mind that we must examine sections 33730 and 33746 as they are amended by the Legislature of 1957. Section 33730 provides for a public hearing on the final redevelopment plan after notice given by publication for not less than once a week for four successive weeks in a newspaper of general circulation. Since the complaint shows that the tentative plan was not adopted until

458

March 31, 1958, and since this action was filed on April 15, 1958, it at once affirmatively appears therefrom that no *final* redevelopment plan could have been adopted prior to the filing of this action. Section 33746, after providing for a complete stay of all proceedings for 30 days after the adoption of the final redevelopment plan goes on to provide further:

"The findings and determinations of an agency and of a legislative body or of either of them, in the adoption and approval of any redevelopment plan or of any urban renewal plan or of any combination of such plans may be judicially reviewed by a court of competent jurisdiction. Such action must be brought within 90 days after the date of adoption of the ordinance approving the plan. No action shall be brought prior to the adoption of the final redevelopment plan. (As amended Stats. 1957, ch. 1696, p. 3069, § 5)."

From the foregoing it is crystal clear that the plaintiff's action was commenced in direct contravention of the legislative provision since it was commenced before any final redevelopment plan ordinance had been or could have been adopted. From a review of the entire subject of redevelopment, as covered by the Health and Safety Code, it is clear that the legislative intent was to prevent piecemeal litigation. Such action by the Legislature was, in our opinion, not only reasonable but highly sensible, for piecemeal litigation could very easily forestall the accomplishment of the legislative purpose for indefinite periods of time. Since the paragraph quoted provides specifically for a review of the findings and determinations of both the agency and the legislative body, we think adequate protection is afforded insofar as courts might be able to give such protection.

Plaintiff makes no complaint nor point of the failure of the trial court to permit amendment, and from that we assume she admits she could not advantageously do so. Furthermore, on the face of the complaint itself, reciting as it does the essential steps taken by Council, it does not appear that any amendment could afford plaintiff any assistance.

In view of the foregoing we find it unnecessary and of no advantage to discuss other points raised by defendants.

The judgment appealed from is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied December 15, 1959, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1960. Schauer, J., was of the opinion that the petition should be granted.