[Civ. No. 30321. First Dist., Div. Two. Apr. 23, 1973.]

ALVIN DUSKIN, Plaintiff and Appellant, v.
SAN FRANCISCO REDEVELOPMENT AGENCY et al.,
Defendants and Respondents.

---

**COUNSEL**

Stephen Arian for Plaintiff and Appellant.

Henry F. Davis and Joseph R. Seiger for Defendants and Respondents.

## OPINION

**TAYLOR, P. J.**—This appeal is from a judgment of dismissal, sustaining without leave to amend the demurrer of respondents, San Francisco Redevelopment Agency and its executive director and commissioners (Agency) to a representative taxpayer's suit filed by plaintiff Duskin on grounds of failure to state a cause of action.

■ On an appeal from a judgment of dismissal sustaining a demurrer, all of the facts set forth in the pleadings must be accepted as true. Duskin's first amended complaint alleged the following causes of action: the first, based on the Community Redevelopment Law (Health & Saf. Code, § 33000 et seq.), alleged that the Agency was under a statutory mandate to sell real property at "an amount not less than its fair value" but had sold the properties involved at $12.50 per square foot to Del Monte Corporation, while real property in close proximity thereto had recently been sold for more than $100 per square foot; and that the Agency had acted in excess of its authority and unless restrained would cause the waste of or injury to the funds or other property of the city.

The second cause of action alleged that the Agency was also bound by The Federal Housing Act of 1949, as amended (42 U.S.C. § 1441 et seq.), particularly section 1460(c)(4), that provides, so far as pertinent, that property is to be disposed of at its fair value, as well as a regulation of the Department of Housing and Urban Development which also provides that property was sold at a price not less than fair value. The first amended complaint further alleged that the Agency failed to obtain the necessary concurrence of the Secretary of H.U.D. on the sale of the property and in the alternative that if such concurrence was obtained, it was based on insufficient or erroneous data, and that this action was ultra vires.

The third cause of action alleged that the Agency was also under a duty to give published notice of a public hearing with respect to the sale of the property pursuant to Health and Safety Code section 33431, and that while the Agency purported to have a public hearing on the pending sale of the property to Del Monte Corporation on February 24, 1970, the Agency had, in fact, already sold the property to Del Monte, in violation of its statutory duties, and thereby Duskin and all other similarly situated taxpayers have been denied a public hearing as required by law.

The fourth cause of action alleged that the Agency was also bound by the Urban Renewal Handbook[1] (§ 7214.1) that likewise provided for

---

[1] The Urban Renewal Handbook is a series of separate regulations not published in the Federal Register, of which we may take judicial notice pursuant to Evidence Code section 452, subdivision (b).

public notice and hearing prior to the disposal of redevelopment property. The regulation sets forth detailed requirements for the contents of the notice and the notice of the hearing in a newspaper of general circulation at least 10 days prior to the hearing. The complaint further alleged that the purported public hearing of February 24, 1970, was in violation of the above federal requirement in that no public hearing was held prior to the execution of the disposal agreement, the proposed disposal agreements were not made public, as required, and proper notice of either the proposed disposition or the public hearing was not given the required publication in a newspaper of general circulation. The complaint sought an order declaring that the Agency was under a duty to sell the parcels at no less than fair value and a permanent injunction restraining the Agency from conveying the property to Del Monte at the price of $12.50 per square foot.

The general grounds set forth in the Agency's demurrer to the first amended complaint were: 1) no cause of action had been alleged pursuant to Code of Civil Procedure section 526a, as the statute limits taxpayers' actions to officers and agents of counties, towns and cities, and the Agency is an administrative arm of the State of California, a state agency, and not a local agency of the City and County of San Francisco (*In re Redevelopment Plan for Bunker Hill,* 61 Cal.2d 21, 39 [37 Cal.Rptr. 74, 389 P.2d 538]; *Andrews* v. *City of San Bernardino,* 175 Cal.App.2d 459, 462 [346 P.2d 457]; *King* v. *Los Angeles County Fair Assn.,* 70 Cal.App.2d 592 [161 P.2d 468]; and 2) the first amended complaint showed laches on its face since the sale to Del Monte transpired prior to February 24, 1970, and the action was not filed until 13 months later on December 3, 1970,[2] Duskin had not met his burden of overcoming the presumption of unreasonable delay. The Agency also specifically demurred to the second cause of action on grounds of uncertainty. The trial court's judgment of dismissal stated that the general demurrer to the first amended complaint was sustained for failure to state a cause of action.

The Agency asserts that the general demurrer was properly sustained as Code of Civil Procedure section 526a provides, so far as pertinent: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commence-

---

[2]Although the demurrer asserted that the delay was 13 months, in fact, only 9 months are involved, and respondents' brief on appeal so concedes.

ment of the action, has paid, a tax therein. This section does not affect any right of action in favor of a county, city, town, or city and county, or any public officer: provided, that no injunction shall be granted restraining the offering for sale, sale, or issuance of any municipal bonds for public improvements or public utilities."

The Agency asserts that its status as a state agency has been conclusively established in *In re Redevelopment Plan for Bunker Hill, supra,* page 39, and *Andrews* v. *City of San Bernardino, supra,* page 462. While we do not necessarily agree with this interpretation of these authorities,[3] we need not base our opinion on that ground. Since the lower court's decision in the instant case, our Supreme Court held that state officials too may be sued under Code of Civil Procedure section 526a (*Blair* v. *Pitchess,* 5 Cal.3d 258, 267 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]).

In *Blair* v. *Pitchess, supra,* the court, in discussing the scope of section 526a, said at page 268: "Moreover, we have not limited suits under section 526a to challenges of policies or ordinances adopted by the county, city or town. If county, town or city officials implement a state statute or even the provisions of the state Constitution, an injunction under section 526a will issue to restrain such enforcement if the provision is unconstitutional. (*Lundberg* v. *County of Alameda* (1956) 46 Cal.2d 644 [298 P.2d 1], app. dism. (1956) 352 U.S. 921 [1 L.Ed.2d 157, 77 S.Ct. 224]; *Vogel* v. *County of Los Angeles, supra,* 68 Cal.2d 18 [64 Cal.Rptr. 409, 434 P.2d 961].) Indeed, it has been held that taxpayers may sue *state* officials to enjoin such officials from illegally expending state funds. (*Ahlgren* v. *Carr* (1962) 209 Cal.App.2d 248, 252-254 [25 Cal.Rptr. 887]; *California State Employees' Assn.* v. *Williams* (1970) 7 Cal.App.3d 390, 395 [86 Cal.Rptr. 305].) We have even permitted taxpayers to sue on behalf of a city or county to recover funds illegally expended. (*Osburn* v. *Stone* (1915) 170 Cal. 480, 482 [150 P. 367].)"

■ Significantly, the complaint here was not limited to, or did not specify, Code of Civil Procedure section 526a. *Ahlgren* v. *Carr, supra,* conclusively establishes the right of a taxpayer to bring an action to enjoin the alleged illegal expenditure of public moneys by a state official. Obviously, this same principle would apply to an illegal disposition of public property. Although, strictly speaking, the officers of the Redevelopment Agency are not state officials, the individual respondents are nevertheless officials of an agency created by state law and financed by federal funds.

---

[3]For example, in *Bunker Hill,* at page 39, the court expressly recognized the possibility that a state agency acting in redevelopment matters had only local jurisdiction.

Thus, the rationale in *Blair* v. *Pitchess* would clearly be applicable. The questioned allegations of the instant complaint are based on the alleged disposition of public property at a price far below the "fair value" requirement, and contrary to the public hearing requirements of the applicable state and federal statutes, and thus are ultra vires acts. Nor can it be argued that the instant action is anything but an action against the individual respondents in their official capacity rather than an action against the Redevelopment Agency itself. Acts of such officials not legally authorized or which exceed or abuse the authority conferred upon them are judicially regarded as their own acts and not acts of the Agency (*Ahlgren* v. *Carr, supra*). It follows that the Agency's general demurrer could not be properly sustained on the basis of Code of Civil Procedure section 526a.

■ As to the remaining ground of laches, the Agency maintains that Duskin has not met his burden of overcoming the presumption of unreasonable delay. This is not the law. The applicable principles pertaining to laches were recently set forth by our Supreme Court in *Conti* v. *Board of Civil Service Commissioners,* 1 Cal.3d 351, 358-359 [82 Cal.Rptr. 337, 461 P.2d 617], wherein the court overruled *Wolstenholme* v. *City of Oakland,* 54 Cal.2d 48 [4 Cal.Rptr. 153, 351 P.2d 321], which had held that in an action against a public agency, prejudice must conclusively be presumed from unreasonable delay. The court in *Conti* noted, at page 359, that neither a conclusive nor a rebuttable presumption of prejudice was an appropriate means for resolving the issue and then continued at pages 359-360: "We have consistently rejected the concept that lapse of time less than the period of limitations in itself constitutes a defense. The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay. As pointed out in *Brown* v. *State Personnel Board* (1941) 43 Cal.App.2d 70, 79 [110 P.2d 497]: 'If because of his delay in seeking his remedy, without offering a satisfactory explanation for the delay, a prejudice results to his adversary, he will be precluded from enforcing his demand. It is not so much a question of the lapse of time as it is to determine whether prejudice has resulted. If the delay has caused no material change *in statu quo, ante,* i.e., no detriment suffered by the party pleading the laches, his plea is in vain.' These requirements apply equally to the defense if raised by a public agency."

■ Thus, it is well established that the defense of laches may be raised by demurrer if the complaint shows on its face unreasonable delay *plus* prejudice or acquiescence; only then is the burden of establishing an excuse shifted to the plaintiff (*Jones* v. *H. F. Ahmanson & Co.,* 1 Cal.3d 93 [81 Cal.Rptr. 592, 460 P.2d 464]). ■ Here, no prejudice appears

from the face of the complaint and the Agency has not seen fit to augment its demurrer with an affidavit setting forth any facts pertaining to prejudice, although its brief on appeal alludes to the existence of certain facts[4] that, if properly pleaded by a verified answer or affidavit supporting a motion for summary judgment, would enable a court to resolve the matter. Under these circumstances, it is clear that laches has not been established on the face of the complaint and could not have been a ground on which the court sustained the general demurrer of the Agency.

The judgment of dismissal is reversed.

Kane, J., and Rouse, J., concurred.

---

[4]The Agency's brief states that during the time involved, the purchaser of the property in question employed engineers and otherwise changed its position in preparation for subdivision and construction.